■ BURLINGTON NORTHERN AIRFREIGHT, INC., Respondent, v SKY HAULAGE, INC., Respondent. CONTINENTAL INSURANCE COMPANY, Nonparty Appellant.

Continental instituted the instant action in the name of its insured, Burlington, pursuant to CPLR 1004, to seek to recover damages arising from the alleged conversion and/or loss of certain cargo sent by Burlington to the defendant in Florida. In its answer, the defendant alleged that under the terms of its agreement with Burlington, Burlington agreed to provide coverage for loss of cargo in its possession under Burlington's insurance policy with Continental. Under that agreement, the defendant's liability to Burlington for any loss of cargo was allegedly limited to $300. Burlington confirmed the defendant's allegations with regard to the alleged agreement.

Upon disclosure of this agreement, Continental moved pursuant to CPLR 305 and 3025 for leave to serve a supplemental summons and amended complaint to realign the parties by substituting itself as plaintiff and adding Burlington as a named defendant. In support of its motion, Continental argued that by entering into the aforesaid agreement with the defendant, Burlington severely prejudiced Continental's right of subrogation. Continental also maintained that if it had known of the defendant's agreement with Burlington, it would not have paid out on Burlington's claim for the lost cargo. It is significant to note that Continental's attorneys on the instant

motion were the attorneys of record for Burlington in the underlying action.

Burlington, with the assistance of the defendant's attorneys, opposed Continental's motion on the basis that neither CPLR 305 nor CPLR 3025 applied to the instant situation. CPLR 305, which governs the procedure for serving a supplemental summons, only applies to situations in which a new party is to be added as a named defendant. Here, however, Continental, who was not a party to the action, sought to be substituted as the plaintiff in the action. Similarly, CPLR 3025 applies only to situations in which a party to the action seeks to serve supplemental or amended pleadings. Finally, Burlington asserted that its attorneys of record were contravening its specific instructions to discontinue the action against the defendant since, in Burlington's view, the action was without merit.

The Supreme Court denied Continental's motion on the basis that CPLR 305 and 3025 did not apply to this situation. The court further noted that it is improper for Burlington's attorneys of record to continue to represent either Burlington or Continental in view of the parties' obvious conflict of interest. The court concluded by stating, "in light of the circumstances herein, Continental may, if it so desires, institute a separate action against its insured, Burlington, for the reasons noted in its moving papers. It may thereafter move for a joint trial with the present action. In any event, representation by the moving attorneys of either Burlington or Continental would appear to be improper with respect to the subject action as well as the contemplated action and their application to withdraw as attorneys would be granted". We agree with the Supreme Court's determination and, accordingly, affirm the order dated April 10, 1987, insofar as appealed from.

In the first instance, we agree with the Supreme Court's conclusion that neither CPLR 305 nor CPLR 3025 is applicable to the facts herein since Continental is neither seeking to add a new party as a named defendant to the action (CPLR 305) nor is Continental a party to the action (CPLR 3025). In any event, we also agree with the court's finding that the representation of both Continental and Burlington by the same attorneys in this matter precludes the granting of the requested relief since these parties have conflicting interests and Burlington's interests are not being properly represented. Moreover, it is beyond cavil that as attorneys of record for Burlington in the case at bar, Continental's attorneys received

information from Burlington which would be considered confidential.

In view of the foregoing, Continental's motion was properly denied. Mollen, P. J., Mangano, Brown and Harwood, JJ., concur.